# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

DAMIEN CHANCE WHITE

NO. 2025 KW 1250

**APRIL 13, 2026**

---

In Re:   State of Louisiana, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 1444-F-2022.

---

**BEFORE:   THERIOT, PENZATO, AND BALFOUR, JJ.**

**STAY LIFTED. WRIT GRANTED.** Witness statements are normally not discoverable. See La. Code Crim. P. art. 723(A). Furthermore, the moving party must show that the documents are evidentiary and relevant and that the application is made in good faith and is not intended as a general fishing expedition. **State v. Marcelin**, 2010-2036 (La. 10/15/10), 46 So.3d 191, 193 (*per curiam*); **State v. Johnson**, 2000-0680 (La. App. 1st Cir. 12/22/00), 775 So.2d 670, 676, writ denied, 2002-1368 (La. 5/30/03), 845 So.2d 1066. Additionally, the victim shall be protected at all times by all rules and laws governing the criminal procedure and the admissibility of evidence applicable to criminal proceedings. La. R.S. 46:1844(I). The defendant's request does not specifically identify a statement in the St. Tammany Parish District Attorney's file that contains impeachment and/or exculpatory evidence. Furthermore, there was no showing that the information that defendant describes as suppressed was ever in the possession of the district attorney's office prior to the trial of this matter. Thus, the defendant failed to show that his broad request for any and all communications between the District Attorney's Office and the prosecution's witnesses is relevant, admissible, and specific. Therefore, the district court abused its discretion by ordering the State to provide the defense with such information. Accordingly, the district court's ruling ordering the State to provide the defendant with any and all communications between the District Attorney's Office and all the witnesses named in each category (one through six) is reversed and the subpoena duces tecum is quashed. The stay previously issued by this court in this matter is lifted and this matter is remanded for further proceedings.

**AHP**
**MRT**

**Balfour, J.,** dissents and would deny the writ application.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT